**JUDGE HOLWELL**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - 07 CIV 8110

BRIESE USA, INC.

        Plaintiff,

    vs.

MILK STUDIOS, LLC, DRIVE IN 24 LLC
and DOES 1-10, inclusive

        Defendants.

- - - - - - - - - - - - - - - - - - - -

       **COMPLAINT**
    **DEMAND FOR JURY TRIAL**

Plaintiff Briese USA, Inc., by and through counsel, for its Complaint against Defendants, alleges as follows:

## Jurisdiction And Venue

1.     This is an action for trademark infringement and unfair competition under the Lanham Act, 15 USC § 1125(a), under the common law of the State of New York, and for intentional interference with prospective economic advantage.  The Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, and over the related common law claims pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367(a).

2.     Venue  is  proper  and  appropriate  in  this  district pursuant  to  28  U.S.C.  § 1391  as  Defendants  reside  in  this judicial  district,  committed  acts  of  infringement,  unfair competition  or  other  unlawful  acts  here,  are  subject  to  personal jurisdiction  here,  and/or  a  substantial  part  of  the  events  or omissions  giving  rise  to  the  claim  occurred  here,  among  other reasons.

## The Parties

3.     Plaintiff Briese USA, Inc. is a corporation organized and existing under the laws of the State of California.

Plaintiff conducts business at 401 West Street, New York, New York 10014, through its related company, Briesa Productions, Inc. a corporation organized and existing under the laws of the State of New York. (Plaintiff shall hereinafter be referred to as "Briese USA").

4.    Upon information and belief, Defendant MILK STUDIOS, LLC, is a limited liability company organized and existing under the laws of the State of New York having a business address at 450 West 15th Street, New York, New York 10011 ("MILK").

5.    Upon information and belief, Defendant DRIVE IN 24 LLC is a limited liability company organized and existing under the laws of the State of New York having a business address at 443 West 18th Street, New York, New York 10011 ("DRIVE IN").

6.    The true names and capacities of Defendants DOES 1-10 inclusive are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by those Defendants. At all times herein mentioned, Defendants DOES 1-10 inclusive were the agents, servants,

3

employees or attorneys of their co-Defendants, and in doing the things hereinafter alleged were acting within the course and scope of their authority as those agents, servants, employees or attorneys, and with the permission and consent of their co-Defendants.

## Factual Background

7. Plaintiff Briese USA is a leading developer and supplier of specialized lighting equipment for the motion picture and entertainment industries. In or about 1998, Plaintiff's principal took over a failing equipment distribution company and developed the company into a leading distributor of lighting equipment and related goods and services in the U.S. This new company was the predecessor to, and was to become, Briese USA.

8. In or about 1998, a third party Briese Lichttechnik Vertriebs GmbH, ("Briese GmbH") through a third party Hans-Werner Briese ("H-W Briese"), both located in Hamburg, Germany, and Plaintiff's principal reached a verbal agreement whereby Plaintiff was thereafter to be the exclusive distributor in the U.S. for Briese lighting equipment and that Plaintiff owns all rights to the Briese name and mark within the U.S.

4

9.    Up until recently, third parties Briese GmbH and H-W Briese performed pursuant to the verbal agreement.  Pursuant to that agreement, and with full knowledge and consent by third parties Briese GmbH and H-W Briese, Plaintiff has been purchasing Briese lighting equipment from third party Briese GmbH.  Plaintiff then improves and/or modifies such equipment so it can be safely and most effectively used in the U.S. market and Plaintiff then rents the improved and/or modified equipment to individuals, motion picture companies and entertainment companies throughout the U.S. under the Briese mark.

10.    For example, because of differing electricity standards between North American and Europe, Plaintiff changes the focus tube, fuse housing and other connectors and wiring to make the lighting equipment safe to operate in the U.S.  There is a substantial risk that third party Briese GmbH's lighting equipment, if provided to U.S. customers without said modifications, will cause fire or injury and in so doing also damage Plaintiff's name and reputation.

11.  Plaintiff has faithfully performed its obligations under the verbal agreement.  Plaintiff's use of the Briese mark as Plaintiff's mark in the U.S. since in or about 1998 was done with full knowledge by third parties Briese GmbH and H-W Briese. Plaintiff invested significant time and resources in developing

5

the business, in developing the Briese mark and developing the customer base in the U.S. in reliance on the Parties' verbal agreement and with full knowledge and acquiescence by third parties Briese GmbH and H-W Briese.

12.  As a result of Plaintiff's commercial activities using the Briese mark throughout the U.S. since in or about 1998, Plaintiff has developed substantial goodwill in the name Briese USA and the mark.  Plaintiff developed new innovative products and has been distributing these new products in the U.S. under the name and mark.  The relevant public associates the mark Briese used on or in connection with lighting equipment and related goods and services with Plaintiff.

13.  In or about October 2006, third party Briese GmbH hired a former employee of Plaintiff who, on information and belief, had knowledge and information regarding Plaintiff's sales and U.S. customers.   Shortly thereafter, and without authorization from Plaintiff, third party Briese GmbH began commercial activities in the U.S. using the Briese mark, including marketing and selling lighting equipment under the Briese mark in the U.S. without the required modifications.  On information and belief, the conduct by third party Briese GmbH hereinabove alleged was directed by, controlled by or otherwise committed by third party H-W Briese at all relevant times.

14.    Plaintiff has repeatedly advised third parties Briese
GmbH and H-W Briese that Defendants' conduct hereinabove alleged
was and is unlawful, in breach of the Parties' verbal agreement
reached in or about 1998, and in violation of Plaintiff's
rights.  Those third parties have repeatedly ignored Plaintiff's
communications on this matter.

15.    Accordingly, on April 25, 2007 Plaintiff commenced
related civil action no. CV 07-02735 GHK (CWx) in the United
States District Court for the Central District of California
against Briese GmbH and H-W Briese and that action remains
pending.  Plaintiff also commenced related civil action no. CV
07-3815 GHK (CWx) against various distributors in the Los
Angeles area and that action remains pending.  Further, in or
about May 2007 Plaintiff sent out letters to selected businesses
providing notice of said dispute and its trademark and exclusive
distribution rights, including Defendant MILK and DRIVE IN.  See
attached Exhibit A.

16.    Despite such notice being provided, upon information
and belief Defendant MILK and DRIVE IN are actually selling,
offering to sell, offering to rent and/or renting unauthorized
Briese lighting equipment including umbrellas from third parties
Briese GmbH and H-W Briese.  See attached Exhibit B.

7

**Count I**
**Trademark Infringement And Unfair Competition**
**Under 15 USC § 1125(a)**

17. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-16 of this Complaint as if set forth in full herein.

18. Plaintiff has used the Briese name and mark in commerce since at least as early as 1998 and is the owner of all right, title and interest in and to the mark Briese in the U.S. on or in connection with lighting equipment and related goods and services. The Briese mark owned by Plaintiff is valid and protectable.

19. The conduct by Defendants hereinabove alleged, including without limitation, using, offering to sell and selling and/or renting lighting equipment in commerce in and to the U.S. under the Briese mark, is likely to cause confusion, or to cause mistake or to deceive as to the affiliation, connection or association, or as to the origin, sponsorship or approval, of the goods, services or commercial activities of Defendants.

20. The conduct of Defendants hereinabove alleged has damaged Plaintiff in an amount to be determined at trial. The conduct of Defendants complained of herein has been willful, wanton and intentional and done with the intent to injure and

damage Plaintiff further entitling Plaintiff to treble damages under the Lanham Act.

21.   The conduct of Defendants hereinabove alleged has caused, and continues to cause, irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law, unless and until preliminarily and permanently enjoined by this Court.


### Count II
### Trademark Infringement And Unfair Competition
### Under New York State

22.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-21 of this Complaint as if set forth in full herein.

23.   The conduct by Defendants hereinabove alleged, including without limitation, using, offering to sell and selling lighting equipment in commerce in and to the U.S. under the Briese mark without authority or authorization from Plaintiff, constitutes trademark infringement and unfair competition under the common law of the State of New York and New York General Business Law § 349.

24. The conduct of Defendants hereinabove alleged has damaged Plaintiff in an amount to be determined at trial. Defendants conduct complained of herein has been willful, wanton and intentional and done with the intent to injure and damage

9

Plaintiff further entitling Plaintiff to increased damages under the common law.

25. The conduct of Defendants hereinabove alleged has caused, and continues to cause, irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law, unless and until preliminarily and permanently enjoined by this Court.

## Count III
## Intentional Interference With
## Prospective Economic Advantage

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-24 of this Complaint as if set forth in full herein.

27. On information and belief, there existed an economic relationship between Plaintiff Briese USA and certain motion picture, video, stage, studio and flash photography companies in the U.S., whereby such companies were willing to acquire or use lighting equipment from Plaintiff. These economic relationships included the probability of future economic benefit to Plaintiff.

28. On information and belief, Defendants knew of the existence of the economic relationships between Plaintiff and the motion picture, video, stage, studio and flash photography companies in the U.S.

10

29.  On information and belief, Defendants intentionally and wrongfully interfered with Plaintiff's relationship with the motion picture, video, stage, studio and flash photography companies in the U.S. by, *inter alia*, offering to sell and selling competing lighting equipment under the Briese mark to such companies without authorization from Plaintiff.

30.  As a direct and proximate result of the aforementioned conduct, Plaintiff's relationships with the said companies in the U.S. have been disrupted and Plaintiff has been deprived of the significant economic benefit of contracting with these companies for the distribution and use of lighting equipment.

31.  As a direct and proximate result of the aforementioned conduct, Plaintiff has suffered damages and will imminently suffer further damages and such damages cannot presently be ascertained with precision.

32.  The aforementioned conduct of Defendants has been wanton, oppressive, willful, malicious, done with conscious disregard of Plaintiff's rights, with the intent to deprive Plaintiff of its rights and accordingly, Plaintiff is entitled to an award of punitive and exemplary damages.

WHEREFORE, Plaintiff Briese USA prays for judgment that:

1.    Defendants have infringed and are infringing Plaintiff's Briese mark and name and unfairly competing under the Lanham Act;

2.    Defendants have infringed and are infringing Plaintiff's Briese mark and name and unfairly competing under the federal and New York State common law;

3.    Defendants have infringed and are infringing Plaintiff's Briese mark and name unfairly competing under the New York State General Business Law § 349.

4.    Defendants, and their respective officers, agents, servants, employees, directors, attorneys, and all persons in active concert or participation with them, or any of them, are preliminarily and permanently enjoined from infringing the Briese mark within the U.S. and unfairly competing in the U.S., including without limitation, from marketing, using or distributing lighting equipment and related goods and services in the U.S. under the Briese mark;

5.    Defendants intentionally interfered with Plaintiff's prospective economic advantage;

12

6. Defendants be ordered to account for and pay Plaintiff for the damages to Plaintiff arising from Defendants' infringement and unfair competition, together with interest;

7. Defendants be ordered to disgorge the profits from the infringement, unfair competition and other wrongful conduct hereinabove alleged and Defendants pay such profits to Plaintiff as rightly belonging to Plaintiff;

8. Defendants' infringement and unfair competition be adjudged to be willful and that Plaintiff be awarded treble or increased damages in addition to costs and reasonable attorney's fees;

9. Defendants be ordered to account for and pay Plaintiff for the damages to Plaintiff arising from Defendants' interference with prospective economic advantage;

10. Defendants be ordered to pay punitive and/or exemplary damages as a result of Defendants' willful, wanton, malicious and intentional conduct in accordance with New York law;

11. Defendants and their respective officers, agents, servants, employees, directors, attorneys and all persons in active concert or participation with them, or any of them, are preliminarily and permanently enjoined from interfering with Plaintiff's prospective economic advantage, including without limitation, from marketing, using or distributing Briese

13

lighting equipment and related goods and services in the U.S., including such equipment with European wiring and components not appropriate or safe for use in the U.S.; and,

12.  For such other and further relief as the Court deems just and proper.


Dated:  September ____, 2007

                              Respectfully submitted,
                              **LAUSON & SCHEWE LLP**
                              1600 Rosecrans Avenue, 4th Floor
                              Manhattan Beach, California  90266
                              Tel.  (310) 321-7890
                              Fax  (310) 321-7891; and

                              **SARGOY, STEIN, ROSEN & SHAPIRO**
                              1790 Broadway
                              New York, NY 10019
                              Tel. (212)621-8224
                              Fax. (212)581-2755



                              By:_____
                                   Harvey Shapiro
                                   Attorneys for Plaintiff
                                   BRIESE USA, Inc.


Of counsel:
Robert J, Lauson, Esq., No. 175,486
   bob@lauson.com
Edward C. Schewe, Esq., No. 143,554
   ed@lauson.com

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests trial by jury on all claims . asserted herein under FRCP Rule 38.


Dated:  September _____, 2007

                                Respectfully submitted,
                                **LAUSON & SCHEWE LLP**
                                1600 Rosecrans Avenue, 4th Floor
                                Manhattan Beach, California  90266
                                Tel.  (310) 321-7890
                                Fax  (310) 321-7891; and

                                **SARGOY, STEIN, ROSEN & SHAPIRO**


                              By:_____
                                  Harvey Shapiro
                                  Attorneys for Plaintiff
                                  BRIESE USA, Inc.


Of counsel:
Robert J, Lauson, Esq., No. 175,486
   bob@lauson.com
Edward C. Schewe, Esq., No. 143,554
   ed@lauson.com

# EXHIBIT A

*Law Offices*
## LAUSON & SCHEWE LLP

1600 Rosecrans Avenue, 4th Floor
Manhattan Beach, CA 90266
Tel. (310) 321-7890
Fax (310) 321-7891
www.lauson.com

Procurement and Enforcement
Of Intellectual Property

Patent, Trademark,
Copyright and Related Causes

Milk Studio
425 W. 15th St.
New York, NY 10011

*CERTIFIED MAIL –*
*Return Receipt Requested*

Re    Briese USA, Inc. v. Briese Lichttechnik Vertriebs GmbH
(C.D. Cal. Case No. CV 07-2735-GHK (CWx))
(Our Ref.: 07-16610)

We represent Briese USA, a California corporation, in intellectual property matters. Your business was identified as a customer of Briese USA's lighting equipment or a business involved in the sale or rental of lighting equipment used in motion picture, video, stage, studio and still photography.

Briese USA is in a legal dispute with its German manufacturer pertaining to trademark and distribution rights in the United States. Based on past agreements Briese USA's owns exclusive rights to rent or sell Briese products in the U.S.

Unfortunately, in recent months the Briese Germany has approached some of Briese USA's customers and offered and delivered lighting products in violation of Briese USA's rights. If you are solicited by the German company and they seek to sell or rent Briese lighting equipment to you, Briese USA would request that you refrain from such transactions which are unlawful. Briese USA may have no choice but to, reluctantly, take legal action against any third party violating its rights in the U.S., such action potentially including confiscation of the offending goods.

Additionally, you should be aware that in the past Briese USA has improved and modified the Briese Germany's equipment for the U.S. market. The Germany company's equipment, if purchased directly from them, are configured for the European market's differing electricity standards, do not have UL approval and do not meet minimum safety standards, and thus may not operate properly here and be unsafe and cause dangerous maintenance problems; if left unattended these goods may lead to catastrophic failures with severe consequences. Obviously Briese USA is not liable for damages or injuries caused by equipment provided directly from Briese Germany or other persons claiming to represent Briese in the U.S. other than Briese USA.

Thanks in advance for your anticipated cooperation and understanding. Should you have any questions or comments, please contact us.

Very truly yours,

Robert J. Lauson

cc:    Briese USA, Inc.

*Law Offices*
## LAUSON & SCHEWE LLP

1600 Rosecrans Avenue, 4th Floor
Manhattan Beach, CA 90266
Tel. (310) 321-7890
Fax (310) 321-7891
www.lauson.com

Procurement and Enforcement                                                      Patent, Trademark,
Of Intellectual Property                                                      Copyright and Related Causes

Drive In Studio
443 West 18th St.                                                              *CERTIFIED MAIL –*
New York, NY 10011                                                            *Return Receipt Requested*

Re      Briese USA, Inc. v. Briese Lichttechnik Vertriebs GmbH
        (C.D. Cal. Case No. CV 07-2735-GHK (CWx))
        (Our Ref.: 07-16610)

        We represent Briese USA, a California corporation, in intellectual property matters.
Your business was identified as a customer of Briese USA's lighting equipment or a business
involved in the sale or rental of lighting equipment used in motion picture, video, stage, studio
and still photography.

        Briese USA is in a legal dispute with its German manufacturer pertaining to
trademark and distribution rights in the United States. Based on past agreements Briese USA's
owns exclusive rights to rent or sell Briese products in the U.S.

        Unfortunately, in recent months the Briese Germany has approached some of Briese
USA's customers and offered and delivered lighting products in violation of Briese USA's
rights. If you are solicited by the German company and they seek to sell or rent Briese lighting
equipment to you, Briese USA would request that you refrain from such transactions which are
unlawful. Briese USA may have no choice but to, reluctantly, take legal action against any
third party violating its rights in the U.S., such action potentially including confiscation of the
offending goods.

        Additionally, you should be aware that in the past Briese USA has improved and
modified the Briese Germany's equipment for the U.S. market. The Germany company's
equipment, if purchased directly from them, are configured for the European market's differing
electricity standards, do not have UL approval and do not meet minimum safety standards, and
thus may not operate properly here and be unsafe and cause dangerous maintenance problems;
if left unattended these goods may lead to catastrophic failures with severe consequences.
Obviously Briese USA is not liable for damages or injuries caused by equipment provided
directly from Briese Germany or other persons claiming to represent Briese in the U.S. other
than Briese USA.

        Thanks in advance for your anticipated cooperation and understanding. Should you
have any questions or comments, please contact us.

                                                                  Very truly yours,

                                                                  Robert J. Lauson

cc:     Briese USA, Inc.

**EXHIBIT B**

**Milk**

450 West 15th St.
New York, NY 10011
T: 212.645.2797
F: 212.645.2943

## Equipment Invoice

| | | |
|---|---|---|
| **Invoice:** | | 07-1262-05 |
| **Reference** | | Pearl Vision |
| **Studio:** | | Penthouse |
| **Rental Date:** | | 5/15/2007 - 5/16/2007 |

**Client:**

Donald Graham - Ingrid Schau     Fax:

PH: 646-279-7249

**Photographer:**

Donald Graham

PH: 212-727-9499     Fax:

| Qt | Days | Item | Unit | Amount |
|---|---|---|---|---|
| 1 | 2 | 1/2 Applebox | $5.00 | $10.00 |
| 2 | 2 | 10' Steel X-Bar | $10.00 | $40.00 |
| 2 | 1 | 25' AC Extension | $4.00 | $8.00 |
| 1 | 2 | 25' AC Extension | $4.00 | $8.00 |
| 2 | 2 | 50' AC Extensions | $4.00 | $16.00 |
| 6 | 2 | 8' Foamcore V Flat | $20.00 | $240.00 |
| 2 | 1 | A Clamp Large | $3.00 | $6.00 |
| 2 | 2 | Big Ben | $8.00 | $32.00 |
| 1 | 2 | Bogen 3047 Pan Tilt head w/ QR Plate | $15.00 | $30.00 |
| 1 | 2 | Full Applebox | $5.00 | $10.00 |
| 2 | 2 | Hi Boy Roller | $20.00 | $80.00 |
| 1 | 2 | J Hooks | $2.00 | $4.00 |
| 1 | 2 | Medium Gitzo | $30.00 | $60.00 |
| 1 | 2 | Studio Distro Fee | $100.00 | $200.00 |
| 1 | 2 | Super Clamps | $5.00 | $10.00 |
| 1 | 2 | Wind Up Stand | $45.00 | $90.00 |
| | | | **Total:** | $2,304.00 |



443 WEST 18TH STREET NYC 10011
TEL 212-645-2244  FAX 212-645-6165
WWW.DRIVEINSTUDIOS.COM

# ESTIMATE
### #ESTIMATE/091807

| Photographer | **Adam Deluca** | | | |
|---|---|---|---|---|
| Date | | | | |
| Pickup Date & Time | **9/18/2007** | **8:00 AM** | Tuesday | pcs: |
| Customer Pick-up | | | | |
| Billing Start | | | | |
| Expected Return | | | | |
| Billing End | | | | |

**Bill To:**

Adam Deluca
,

adelucaphoto@mac.com
Attn: Adam Deluca
adelucaphoto@mac.com

Job Reference  **ADP**

| | Qty | Description | Days | Unit/ Day | Ext | |
|---|---|---|---|---|---|---|
| 1 | 1 | Briese Spacer Focus 180 Single Flash | 1 | 0.00 | 0.00 | T |
| 2 | 1 | Briese Stand Mount Crank Focus 180-330 | 1 | 0.00 | 0.00 | T |
| 3 | 1 | Briese Umbrella Travel Case - Focus 180 | 1 | 0.00 | 0.00 | T |
| 4 | 1 | Briese Flash Tube - Single | 1 | 0.00 | 0.00 | T |
| 5 | 1 | Briese Set Up Helper Focus 77-220 | 1 | 0.00 | 0.00 | T |
| 6 | 1 | Briese Counter Reflector Single Tube | 1 | 0.00 | 0.00 | T |
| 7 | 1 | Briese Single Tube Flash Head | 1 | 35.00 | 35.00 | T |
| 8 | 1 | Briese 2400i Flash Generator | 1 | 85.00 | 85.00 | T |
| 9 | 1 | Briese Focus 180cm Umbrella | 1 | 400.00 | 400.00 | T |
| 10 | 1 | Briese Focus 180cm 1/3 Silk | 1 | 0.00 | 0.00 | T |
| 11 | 1 | Briese Focus 180cm 2/3 Silk | 1 | 0.00 | 0.00 | T |
| 12 | 2 | Chimera Medium Super Pro Stripbank | 1 | 25.00 | 50.00 | T |
| 13 | 2 | Chimera Profoto Aluminum/Plastic Speedring | 1 | 5.00 | 10.00 | T |
| 14 | 1 | Profoto Pro Softlight Reflector (Beauty Dish) - WHITE | 1 | 25.00 | 25.00 | T |
| 15 | 1 | Profoto Pro Softlight (Beauty Dish) Grid | 1 | 25.00 | 25.00 | T |
| 16 | 1 | Profoto Pro Softlight Diffusion (sock) | 1 | 5.00 | 5.00 | T |
| 17 | 3 | Profoto Pro 7A 2400 Complete (Location) | 1 | 85.00 | 255.00 | T |
| 18 | 1 | Avenger Double Riser Wind Up | 1 | 50.00 | 50.00 | T |
| 19 | 1 | Bogen Mega Boom | 1 | 45.00 | 45.00 | T |
| 20 | 4 | Bogen Superclamp | 1 | 5.00 | 20.00 | T |
| 21 | 6 | Matthews Sandbag | 1 | 3.00 | 18.00 | T |



**DRIVEIN24 LLC**
443 WEST 18TH STREET NYC 10011
TEL 212-645-2244 FAX 212-645-6165
WWW.DRIVEINSTUDIOS.COM

# ESTIMATE
## #ESTIMATE/091807

| Photographer | **Adam Deluca** | | |
|---|---|---|---|
| Date | | | |
| Pickup Date & Time | **9/18/2007** | **8:00 AM** | Tuesday | pcs: |

**Bill To:**

**Adam Deluca**
,

adelucaphoto@mac.com
Attn: Adam Deluca
adelucaphoto@mac.com

Job Reference **ADP**

| Customer Pick-up |
|---|
| |
| Billing Start |
| Expected Return |
| Billing End |

| | Qty | Description | Days | Unit/ Day | Ext | |
|---|---|---|---|---|---|---|
| 22 | 4 | Matthews C+ Stand Complete w/ head and 40" arm | 1 | 6.00 | 24.00 | T |
| 23 | 4 | Pony A Clamps Medium | 1 | 1.00 | 4.00 | T |

| | | |
|---|---|---|
| Subtotal | 1,051.00 |
| 8.375% Sales Tax | 88.02 |
| **Total** | **1,139.02** |