Robert A. Schroeder (State Bar. No. 73913)
A. Eric Bjorgum (State Bar No. 198392)
SHELDON MAK ROSE & ANDERSON PC
100 Corson Street, Third Floor
Pasadena, California 91103
Telephone : (626) 796-4000
Fax Number: (626) 795-6321
E-Mail: robert.schroeder@usip.com

Attorneys for Defendants/Counterclaimants
BRIESE LICHTTECHNIK GmbH and
HANS-WERNER BRIESE, SAMY'S
CAMERA, INC., SAMY KAMIENOWICZ and
MONSTER LIGHTING

LAUSON & SCHEWE LLP
Robert J. Lauson (SBN 175,486)
Email: bob@lauson.com
Edward C. Schewe (SBN 143,554)
Email: ed@lauson.com
1600 Rosecrans Avenue, 4th Floor
Manhattan Beach, CA 90266
Telephone: (310) 321-7890

Attorneys for Plaintiff and Counterclaim Defendants
BRIESE USA, INC. AND BRENT LANGTON

LAW OFFICES OF RONALD E. FAULK
Ronald E. Faulk (SBN) 68325
Email: ronefaulk@hotmail.com
601 East Glenoaks Boulevard, Suite 202
Glendale, CA 91207-1750
Fax: 818-637-2387

Attorneys for Defendants
FLASHLIGHTS and ROBIN ROBAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIESE USA, INC., a California corporation, <br><br> Plaintiff, <br><br> v. | Case No. CV 07-02735 GHK (CWx) <br><br> PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION |

| | | |
|---|---|---|
| 1 | BRIESE LICHTTECHNIK VERTRIEBS GmbH, an entity existing under the laws of Germany; HANS-WERNER BRIESE, an individual; and DOES 1-10, inclusive, | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | Defendants. | |
| 6 | AND RELATED COUNTERCLAIMS. | |
| 7 | | |
| 8 | BRIESE USA, INC., a California corporation, | Case No. CV 07-03815 GHK (CWx) |
| 9 | | |
| 10 | Plaintiff, | |
| 11 | | |
| 12 | v. | |
| 13 | SAMY'S CAMERA, INC., a California Corporation; SAMY KAMIENOWICZ, an individual, FLASHLIGHTS, a business entity; ROBIN ROBAL, an individual; SMASHBOX STUDIOS, LLC, a California Limited Liability Company; QUIXOTE STUDIOS, INC., a California Corporation; MIKEL ELLIOT, an individual; MONSTER LIGHTING, a business entity; and DOES 1-10, inclusive, | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | Defendants. | |
| 22 | | |
| 23 | BRIESE USA, INC.,<br>Plaintiff, | Case No. CV 07-07631 GHK (CWx) |
| 24 | v. | |
| 25 | MILK STUDIOS, LLC, DRIVE-IN-24 LLC and DOES 1-10, inclusive, | |
| 26 | Defendants. | |
| 27 | | |
| 28 | | |

2

Briese Proposed ProtectiveOrder 031408 (3)    **[PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION**

1   The Court having previously ordered that the discovery proceed on an
2   interim basis in accordance with a Protective Order submitted by
3   Plainitiff/Counterdefendants, in *Briese USA, Inc. v. Briese Gmbh et al.*, Case No.
4   CV 07-02735 (GHK (CWx), *Briese USA, Inc. v. Samy's Camera, Inc. et al.*, Case
5   No. CV 07-3815 GHK (CWx), and *Briese USA, Inc. v. Milk Studios*, Case No. CV
6   07-07631 GHK (CWx) ("the Actions"); the Court having subsequently considered a
7   motion by Defendant/Counterclaimants to enter a different order, having considered
8   the papers filed in support and in opposition to the motion and having held a
9   hearing on the motion on February 4, 2008, it is ORDERED THAT:

10   1.   This Order supercedes any and all other Protective Orders in three case
11   sand shall hence forth govern all proceedings therein, including the treatment and
12   disclosure of documents and information previously provided by the parties.

13   2.   The parties may designate any document, thing, material, testimony or
14   other information derived therefrom as "Confidential" or "Confidential - Attorney's
15   Eyes Only" as appropriate, under the terms of this Protective Order (hereafter
16   "Order"). Information designated "Confidential" is information which concerns
17   confidential research, development or commercial information which is not
18   publicly known. "Confidential - Attorney's Eyes Only" information is sensitive
19   research, development, financial or commercial information which has not been
20   made public and the disclosure of which could cause injury to the business of the
21   producing or designating party.

22   3.   By designating a document, thing, material, testimony or other
23   information derived therefrom as "Confidential" or "Confidential - Attorney's Eyes
24   Only" under the terms of this Order, the party making the designation is certifying
25   to the Court that there is a good faith basis in law and in fact for the designation
26   within the meaning of Fed.R.Civ.P. Rule 26(g).

27   4.   Confidential documents shall be so designated by stamping copies of
28   the document produced to a party with the legend "CONFIDENTIAL" or

"CONFIDENTIAL - ATTORNEY'S EYES ONLY". Stamping the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S ONLY" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

5. Testimony taken at a deposition may be designated as "Confidential" or "Confidential - Attorney's Eyes Only" by making a statement to the effect on the record at the time of the deposition designating the testimony to be so designated. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

6. Information designated as "Confidential" or "Confidential - Attorney's Eyes Only" under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of the Actions, and for no other purpose.

7. Information designated "Confidential" pursuant to this Order may be disclosed or made available only to the Court, to counsel of record for a party (including paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

  (a)  a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of the Actions;

  (b)  independent experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of the Actions;

  (c)  court reporter(s) employed in the Actions;

  (d)  a witness at any deposition or other proceeding in the Actions who is identified in the material to be disclosed as an author or recipient or who

already possesses a copy of the material to be disclosed;

    (e)   Designated Outside Litigation Counsel as that term is defined below in Section 9; and

    (f)   any other person as to whom the parties agree in writing. Counsel of record for the parties is limited to (1) Lauson & Schewe LLP, (2) Sheldon Mak Rose & Anderson, and (3) Law Offices of Ronald E. Faulk and any successor firms chosen by their clients.

8.   Information designated "Confidential - Attorney's Eyes Only" pursuant to this Order may be disclosed or made available only to the Court, to counsel of record for a party (including paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 7(b) through 7(f) above but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered.

9.   Each Defendant/Counterclaimant may designate one law firm, which may be a foreign law firm, to have access to "Confidential" and "Confidential-Attorneys' Eyes Only" information. Plaintiff Briese USA, Inc. and Mr. Langton may also have one (1) Designated Outside Litigation Counsel. Defendant Briese GmbH is limited to two (2) Designated Outside Litigation Counsel, and the other Defendants are limited to one (1) Designated Outside Litigation Counsel. All parties' Designated Outside Litigation Counsel are permitted to disclose designated information to a reasonable number of support staff. Only those attorneys and support staff within such designated firms who have been identified in writing to all opposing parties and who have complied with Section 10 below shall have access to information designated "Confidential" or "Confidential-Attorneys' Eyes Only." Such attorneys and support staff who have complied with Section 10 below shall be collectively referred to herein as Designated Outside Litigation Counsel. Any party may change its designation of a law firm or its choice of Designated Outside Litigation Counsel upon giving written notice to all other parties.

10. Prior to receiving any information designated as "Confidential" or "Confidential - Attorney's Eyes Only" under this Order, each "qualified person" (including Designated Outside Litigation Counsel) shall be provided with a copy of this Order and shall execute an Acknowledgment and Nondisclosure Agreement in the form of Attachment A. A copy of the executed Acknowledgment shall be retained by counsel for the disclosing party and provided forthwith to counsel for each other party upon request of any party.

11. Only qualified persons (including Designated Outside Litigation Counsel) may attend depositions at which information designated as "Confidential" or "Confidential - Attorney's Eyes Only" is used or discussed.

12. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in the Actions, whether or not such material is also obtained through discovery in the Actions, or from disclosing its own "Confidential" or "Confidential - Attorney's Eyes Only" information as it deems appropriate.

13. If information designated as "Confidential" or "Confidential - Attorney's Eyes Only" under this Order is included in any papers to be filed with the Court, such papers shall be accompanied by an application to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) files the papers in their entirety under seal (if the confidential portions are not segregable). The application shall be directed to the District Judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

14. This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is "Confidential" or "Confidential - Attorney's Eyes Only" or whether its use should be restricted or (ii) to present a motion to the Court under Fed.R.Civ.P. Rule 26(c) for a separate protective order as to any particular

1 document or information, including restrictions differing from those as specified
2 herein. This Order shall not be deemed to prejudice the parties in any way in any
3 future application for modification of this Order.
4     15.   This Order is entered solely for the purpose of facilitating the
5 exchange of documents and information between the parties in the Actions without
6 involving the Court unnecessarily in the process. Nothing in this Order nor the
7 production of any information or document under the terms of this Order nor any
8 proceedings pursuant to this Order shall be deemed to have the effect of an
9 admission or waiver by any of the parties or of altering the confidentiality or
10 nonconfidentiality of any such document or information or altering any existing
11 obligation of any party or the absence thereof.
12     16.   Counsel shall use their best efforts to identify materials or information
13 protected by the attorney-client privilege, the work product doctrine, and/or any
14 other privilege, before its disclosure.  The inadvertent production of any document
15 or thing by a party shall be without prejudice to any claim by the producing party
16 that such material is protected by the attorney-client privilege, or protected from
17 discovery as work product.  Provided that diligent efforts are made to ensure that
18 documents are carefully reviewed for privilege and that privileged documents are
19 not produced in discovery, and that efforts to retrieve inadvertently produced
20 documents are commenced within a reasonable period of time after the discovery of
21 their production, no producing party shall be held to have waived any rights
22 thereunder merely by inadvertent production. If within a reasonable time after the
23 inadvertent production the producing party discovers that such materials have been
24 disclosed and a producing party asserts that such materials are protected by the
25 attorney-client privilege, work product doctrine, or any other claim of privilege, and
26 were inadvertently produced, the party receiving such inadvertent production shall
27 take immediate steps to ensure that all known copies of such materials are returned
28 promptly and retrieved from persons not entitled hereunder to view or possess such

1 materials. Any party thereafter may contest such claims of privilege or work
2 product as if the materials had not been produced, but shall not assert that a waiver
3 occurred as a result of the inadvertent production if the producing party has
4 complied with the provisions of this paragraph.

5     17.   This Order shall survive the final termination of the Actions including
6 appeals, to the extent that the information contained in Confidential Material is not
7 or does not become known to the public. The Court shall retain jurisdiction to
8 resolve any dispute concerning the use of information disclosed hereunder. Upon
9 termination of the litigation including any appeals, counsel for the parties shall
10 assemble and return to each other all documents, material, and deposition
11 transcripts designated as confidential and copies of same, or shall certify the
12 destruction thereof, within sixty (60) days.

SO STIPULATED:

Dated: March ___, 2008           SHELDON MAK ROSE & ANDERSON PC


By: _____
    Robert A. Schroeder
    Eric A. Bjorgum
Attorneys for Defendants and
Counterclaimants
BRIESE LICHTTECHNIK VERTRIEBS
GmbH and HANS-WERNER BRIESE,
SAMY'S CAMERA, SAMY
KAMIENOWICZ and MONSTER
LIGHTING

Dated: March      , 2008           LAUSON & SCHEWE LLP


By: _____
    Edward C. Schewe
    Robert J. Lauson
Attorneys for Plaintiff/Counterclaim
Defendants
BRIESE USA, INC. AND BRENT
LANGTON

| | | |
|---|---|---|
| 1 | Dated:   March         , 2008 | RONALD E. FAULK LAW OFFICES |

By: _____
Ronald E. Faulk
Attorneys for Defendants
FLASHLIGHTS and ROBIN ROBAL

IT IS SO ORDERED.

Dated:_March 28, 2008_____        By:__     /S/_____
United States Magistrate Judge
CARLA M. WOEHRLE

# ATTACHMENT A

## ACKNOWLEDGMENT AND NONDISCLOSURE AGREEMENT

I, _____, declare and state:

1. I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in the actions *Briese USA, Inc. v. Briese Gmbh et al.*, Case No. CV 07-02735 GHK (CWx), *Briese USA, Inc. v. Samy's Camera, Inc. et al.*, Case No. CV 07-3815 GHK (CWx), and *Briese USA, Inc. v. Milk Studios*, Case No. CV 07-07631 GHK (CWx), and have received a copy thereof.

2. I hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of the Court.

3. I hereby consent to the jurisdiction of this Court for purposes of enforcing this Acknowledgment and Nondisclosure Agreement

Executed this _____ day of _____ at _____, _____.

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State, Zip

_____